(106 So. 394)

## POLYTINSKEY v. BRINDLEY. (8 Div. 360.)

(Court of Appeals of Alabama. Nov. 10, 1925. Rehearing Denied Nov. 24, 1925.)

**Chattel mortgages** ☞229(3)—**Failure of plaintiff to sustain burden of showing cotton purchased by defendant was cotton conveyed entitled defendant to general affirmative charge.**

In action for wrongful taking of cotton, based upon defendant's purchase of cotton mortgaged to plaintiff, burden of showing that cotton purchased by defendant was some of cotton covered by mortgage is on plaintiff, and, in absence of evidence identifying cotton, defendant is entitled to general affirmative charge.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action for trespass in taking goods by T. B. Brindley against A. Polytinskey. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Wert & Hutson, of Decatur, for appellant.

Counsel argue for error in rulings on the trial, but without citing authorities.

Sample & Kilpatrick, of Hartsells, for appellee.

The affirmative charge for defendant was properly refused. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Rivers v. Patterson, 212 Ala. 96, 101 So. 652.

RICE, J. The appellee brought suit against the appellant, seeking damages for

the wrongful taking of certain cotton. His claim was based upon a mortgage executed to him by E. O. and F. B. Garner, conveying "the entire cotton crop (of said Garners) raised in Morgan county for year 1919"; the allegation being made that appellant purchased the cotton, the basis of the suit, from the said Garners. The appellant, against whom judgment was rendered in the court below, requested the general affirmative charge in his favor, and the propriety of its refusal is the chief question before us for decision.

Before plaintiff (appellee) was entitled to recover, the burden was upon him to show by the evidence that the cotton purchased by appellant was some of that conveyed to plaintiff (appellee) in the mortgage referred to. This he failed to do. We can find no evidence from which the jury could legally infer that the cotton purchased by appellant from the said Garner was any of that conveyed to appellee in his mortgage from the Garners. Of consequence the trial court was in error in refusing to give, at appellant's request, the general affirmative charge.

Reversed and remanded.